## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW JOHNSON | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 22-0170 |
| | : | |
| MONTGOMERY COUNTY | : | |
| COURT OF COMMON PLEAS | : | |
| | : | |
| *Defendant* | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Motion to Dismiss filed on behalf of Defendant the Montgomery County Court of Common Pleas, and any response thereto, it is hereby ORDERED that the Motion to Dismiss is GRANTED, and Plaintiff's Complaint is hereby DISMISSED, with prejudice.

 

 

_____
                                         **J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW JOHNSON | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 22-0170 |
| | : | |
| MONTGOMERY COUNTY | : | |
| COURT OF COMMON PLEAS | : | |
| | : | |
| *Defendant* | : | |
| | : | |

## DEFENDANT'S MOTION TO DISMISS

NOW COMES DEFENDANT, the Montgomery County Court of Common Pleas, by and through its undersigned counsel, and files this Motion to Dismiss, averring in support thereof as follows:

1. Plaintiff was hired in 2010 to act as a Court Crier for the Honorable Garrett D. Page, a judge of the Montgomery County Court of Common Pleas. In 2018, he claims that he broke off a romantic relationship with a Court Reporter, Dianne DeSanto, who also worked in Judge Page's courtroom. Shortly thereafter Ms. DeSanto informed Judge Page and other members of his staff that Plaintiff had physically assaulted her.

2. Following Ms. DeSanto's complaint, Plaintiff alleges that Judge Page terminated Plaintiff's employment "[w]ithout conducting any investigation whatsoever and without giving Johnson any opportunity to refute Ms. DeSanto's false accusations." (Complaint, ¶ 13). As justification for his termination, Judge Page informed Plaintiff that he had failed to meet performance standards and had violated the Code of Conduct for Employees of the Unified Judicial System.

3. Plaintiff alleges that these issues were merely pretext for his firing, and that "[i]f Johnson had been a woman, his employer would have conducted an investigation into the false allegations made by Ms. DeSanto and Johnson would not have been fired." (Complaint, ¶¶ 15-16). He cites no facts in support of this assertion.

4. Based on the aforementioned, Plaintiff brings one claim against Defendant for violation of Title VII of the Civil Rights Act of 1964 for purported gender discrimination.

5. As set forth more fully in the accompanying Brief, Plaintiff, as a member of Judge Page's personal staff, is not a covered employee under Title VII.

6. Further, Plaintiff has failed to state a claim under Title VII.

7. Given the nature of the aforementioned defenses, leave to amend would be futile.

WHEREFORE, Defendant, the Montgomery County Court of Common Pleas, respectfully requests that this Court enter an Order in the form attached hereto, dismissing Plaintiff's Complaint, with prejudice.

Respectfully submitted,

**/s/ Megan L. Davis**
**MEGAN L. DAVIS**
Attorney I.D. No. PA 321341
**ROBERT J. KRANDEL**
Attorney I.D. No. PA 89485
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326, Fax: (215) 560-5486
E-mail: legaldepartment@pacourts.us

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW JOHNSON | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 22-0170 |
| | : | |
| MONTGOMERY COUNTY | : | |
| COURT OF COMMON PLEAS | : | |
| | : | |
| *Defendant* | : | |
| | : | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

NOW COMES DEFENDANT, the Montgomery County Court of Common Pleas, by and through its undersigned counsel, and files this Brief in Support of its Motion to Dismiss, averring in support thereof as follows:

### I.      FACTUAL BACKGROUND

Plaintiff was hired in 2010 to act as a Court Crier for the Honorable Garrett D. Page, a judge of the Montgomery County Court of Common Pleas. (Complaint, ¶¶ 7, 9). In 2018, he claims that he broke off a romantic relationship with a Court Reporter, Dianne DeSanto, who also worked in Judge Page's courtroom. (Complaint, ¶ 11). Shortly thereafter Ms. DeSanto informed Judge Page and other members of his staff that Plaintiff had physically assaulted her. (Complaint, ¶ 12).

Following Ms. DeSanto's complaint, Plaintiff alleges that Judge Page terminated Plaintiff's employment "[w]ithout conducting any investigation whatsoever and without giving Johnson any opportunity to refute Ms. DeSanto's false accusations." (Complaint, ¶ 13). As justification for his termination, Judge Page informed Plaintiff that he had failed to meet

performance standards and had violated the Code of Conduct for Employees of the Unified Judicial System. (Complaint, ¶ 14). Plaintiff alleges that these issues were merely pretext for his firing, and that "[i]f Johnson had been a woman, his employer would have conducted an investigation into the false allegations made by Ms. DeSanto and Johnson would not have been fired." (Complaint, ¶¶ 15-16). He cites no facts in support of this assertion.

Based on the aforementioned, Plaintiff brings one claim against Defendant for violation of Title VII of the Civil Rights Act of 1964 for purported gender discrimination. For the reasons set forth below, Plaintiff's Complaint must be dismissed.

## II.    QUESTIONS PRESENTED

1. Should Plaintiff's Complaint be dismissed because he was a member of Judge Page's personal staff and is not an "employee" under Title VII?

**Suggested Answer:   Yes.**

2. Should Plaintiff's Complaint be dismissed because he has failed to state a claim upon which relief could be granted?

**Suggested Answer:   Yes.**

## III.   ARGUMENT

### A.    AS JUDGE PAGE'S PERSONAL STAFF, PLAINTIFF IS NOT A COVERED EMPLOYEE UNDER TITLE VII

Title VII protects employees against discrimination in the workplace on the basis of protected characteristics, including gender. 42 U.S.C.A. § 2000e-2(a)(1). To be entitled to the protections of Title VII, a plaintiff must show that he is a covered "employee," which is defined as follows:

> The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any

> State or political subdivision of any State by the qualified voters thereof, ***or any person chosen by such officer to be on such officer's personal staff***, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision…

42 U.S.C.A. § 2000e(f) (emphasis added).

Courts look to the nature of the plaintiff's job duties and the relationship to his employer to determine whether the plaintiff is part of an elected official's personal staff. *Gupta v. First Judicial Dist.*, 759 F. Supp. 2d 564 (E.D. Pa. 2010). The leading test utilized in the Third Circuit stems from *Teneyuca v. Bexar County*, 767 F.2d 148 (5th Cir. 1985), which requires analysis of the following factors:

1. Whether the elected official has plenary powers of appointment and removal;

2. Whether the person in the position at issue is personally accountable to only that elected official;

3. Whether the person in the position at issue represents the elected official in the eyes of the public;

4. Whether the elected official exercises a considerable amount of control over the position;

5. The level of the position within the organization's chain of command; and

6. The actual intimacy of the working relationship between the elected official and the person filling the position.

*Teneyuca*, 767 F.2d at 151.

Here, Judge Page is an elected officer. *See* Pa. Const. Art. 5 § 13(a). Pennsylvania law provides that judges "may appoint and fix the duties of necessary personal staff," who include "[p]rivate secretaries, law clerks and such other personnel as an individual may be authorized by law to select and remove…" Pa. Cons. Stat. Ann. §§ 102, 2301(a)(1). Court criers like Plaintiff are considered part of a judge's personal staff. *See, e.g., Gardner v. Peoples*, 506 A.2d 479 (Pa. Commw. 1986). In this regard, as a court crier, Plaintiff was hired by and reported directly to Judge Page and worked exclusively for Judge Page from his hire until the date of his termination. As a court crier, he was responsible for interfacing with the public on Judge Page's behalf, and represented Judge Page before the parties that appeared in Judge Page's courtroom. Because Plaintiff was an exclusive confidential employee of Judge Page, he is expressly excluded from the definition of a covered employee under Title VII. His Title VII claim must therefore be dismissed.[1]

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII

Plaintiff's status as personal staff notwithstanding, the fact remains that he has failed to state a claim under Title VII. In the absence of direct evidence of discrimination, a plaintiff may prove gender discrimination according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, the plaintiff bears the initial burden of establishing a prima face case of unlawful discrimination. *Kahan v. Slippery Rock Univ. of Pa.*, 664 Fed. Appx. 170, 173-74 (3d Cir. 2016). To establish a prima facie case of

---

[1] Defendant believes that the nature of the court crier position is sufficiently well-established to allow the Court to rule on this issue at the Motion to Dismiss stage. However, if the Court believes that further factual development would be beneficial, Defendant is amenable to converting its Motion to one for Summary Judgment after limited factual discovery on the nature of Plaintiff's work for Judge Page.

"reverse discrimination," a plaintiff must "present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." *Id.* (citing *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999)). If a plaintiff succeeds in establishing his prima facie case, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the employee's rejection. *Thompson v. Bridgeton Bd. of Educ.*, 613 Fed. Appx. 105, 107 (3d Cir. 2015). The plaintiff must then be given the opportunity to introduce evidence that the proffered justification is merely a pretext for discrimination. *Id.* (citing *Iadimarco*, 190 F.3d at 157, 161).

Here, Plaintiff has failed at the first step, as he has not successfully set forth a prima facie case of discrimination. His entire complaint is premised on the allegation that Judge Page immediately fired him after Ms. DeSanto accused him of assaulting her, and that if he had been a woman, his employer would have performed a more thorough investigation into these allegations. (Complaint, ¶¶ 13, 15-16). He cites to no evidence that would support this unfounded conclusion; he does not identify any women who were treated more favorably than he was after being accused of assaulting a coworker, nor does he cite to any examples of discriminatory treatment he witnessed or was subjected to during his employment. His speculative statement that a woman accused of assaulting her partner would have been given the benefit of the doubt is just that – speculation. It is well-settled that even at this early stage, this Court is not required to accept these sorts of conclusions of law as truth. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (a court need not accept conclusions of law couched as factual allegations). In sum, he has failed to plead any facts that would allow a fact finder to conclude that Defendant is treating some people less favorably than others on the basis of gender. *See*

*Kahan*, *supra.* Accordingly, Plaintiff has failed to meet even his minimal burden of pleading a prima facie case.

Even if Plaintiff had pled a prima facie case of discrimination, which he clearly has not, he would still fail on the third prong of the *McDonnell Douglas* framework. As set forth above, once Defendant has proffered its legitimate, non-discriminatory reason for a plaintiff's termination, the burden shifts back to the plaintiff to establish that the Defendant's proffered reason for his termination is merely pretext for unlawful discrimination. Here, Plaintiff's entire case is premised upon a bare-bones accusation that Defendant made an incorrect employment decision when it gave credence to Ms. DeSanto's allegations. This alone is insufficient to establish pretext under Title VII. *See DeCarolis v. Presbyterian Med. Ctr. of the Univ. of Pa. Health Sys.* 554 Fed. Appx. 100, 105 (3d Cir. 2014) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)) ("Because the ultimate issue is whether 'discriminatory animus' motivated the employer, it is not enough to show that the employer made a 'wrong or mistaken' decision."); *see also Ryan v. CBS Corp.*, 2007 U.S. Dist. LEXIS 57628 (E.D. Pa. 2007) ("Ryan's argument is essentially based on his belief that Defendants' investigation [into his alleged assault of a coworker] was conducted poorly on purpose and its outcome was factually incorrect. Ryan, however, cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, prudent, or competent.") (internal quotations omitted). As the Third Circuit has noted, the Court does not sit "as a super-personnel department that reexamines an entity's business decisions." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) (quoting *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir. 1992)).

Rather, the question for the Court is whether Plaintiff has pled facts that, if true, could show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Fuentes,* 32 F.3d at 765 (internal quotations and citations omitted). This he has not done, nor even attempted to do. Taking the facts alleged in the Complaint as true, Defendant received a serious complaint that Plaintiff had physically assaulted his coworker, and he was terminated as a result. Even if Plaintiff believes the Court acted too quickly, he has not explained how the decision to terminate him was so unreasonable under the circumstances as to indicate a discriminatory animus. Accordingly, his claim under Title VII fails.

### IV.     CONCLUSION

Based on the foregoing arguments and authorities, Defendant, the Montgomery County Court of Common Pleas, respectfully requests that this Court enter an Order in the form attached hereto, dismissing Plaintiff's claims against it, with prejudice.

Respectfully submitted,

**/s/ Megan L. Davis**
**MEGAN L. DAVIS**
Attorney I.D. No. PA 321341
**ROBERT J. KRANDEL**
Attorney I.D. No. PA 89485
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326, Fax: (215) 560-5486
E-mail: legaldepartment@pacourts.us

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW JOHNSON : | |
| : | CIVIL ACTION |
| *Plaintiff* : | |
| : | |
| *v.* : | NO. 22-0170 |
| : | |
| MONTGOMERY COUNTY : | |
| COURT OF COMMON PLEAS : | |
| : | |
| *Defendant* : | |
| : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 17, 2022, they caused to be served upon the following a copy of the foregoing *Motion to Dismiss and Brief in Support of the Motion* via CM/ECF to all counsel of record.

Respectfully submitted,

**/s/ Megan L. Davis**
**MEGAN L. DAVIS**
Attorney I.D. No. PA 321341
**ROBERT J. KRANDEL**
Attorney I.D. No. PA 89485
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326, Fax: (215) 560-5486
E-mail: legaldepartment@pacourts.us