IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW A. JOHNSON**, <br> *Plaintiff,* <br><br> v. <br><br> **MONTGTOMERY COUNTY COURT OF COMMON PLEAS**, <br> *Defendant.* | **CIVIL ACTION NO. 22-170** |

### MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Baylson, J.                                                                        September 9, 2022

### I.  INTRODUCTION

Plaintiff Andrew A. Johnson's ("Plaintiff") Amended Complaint alleges one claim of Title VII gender discrimination against Defendant Montgomery County Court of Common Pleas ("Defendant"). Defendant seeks dismissal of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the foregoing reasons, Defendant's Motion is **GRANTED**, and Plaintiff's Amended Complaint is **DIMISSED without prejudice**.

### II.  RELEVANT BACKGROUND AND THE PARTIES' CONTENTIONS

The Court set forth the factual and procedural history of this action in its previous memorandum dismissing Plaintiff's Complaint. Johnson v. Montgomery Cty Court of Common Pleas, Civ. A. No. 22-170, 2022 WL 2192946, at *1 (E.D. Pa. June 17, 2022) (Baylson, J.). In that memorandum and accompanying order, the Court dismissed Plaintiff's Complaint because its allegation—that "had [Plaintiff] been a woman, his employer would have conducted an investigation into the false allegations made by Ms. DeSanto and [Plaintiff] would not have been fired"— was conclusory. Id. at *4. The Court found there were "no allegations in the Complaint to support Plaintiff's conclusion that 'had he been a woman, his employer'" would have treated

him differently. Id. Accordingly, the Court dismissed Plaintiff's Complaint without prejudice and gave him fourteen days to file an amended complaint. ECF 11.

On June 30, 2022, Plaintiff filed his Amended Complaint, which again sets forth only one claim: Title VII gender discrimination. ECF 12, ("Am. Compl."). Plaintiff realleges that he was a court crier in the Montgomery County Court of Common Pleas (Am. Compl. ¶ 7), was assigned to Judge Page's courtroom (Am. Compl. ¶ 10), and had a relationship with Judge Page's court reporter, Ms. DeSanto. Am. Compl. ¶ 15. After Plaintiff ended that relationship, Plaintiff realleges Ms. DeSanto "falsely informed Judge Page [that] Johnson had physically assaulted her." Am. Compl. ¶ 16. According to Plaintiff, Judge Page

> Became concerned about how he would be viewed by his [j]udicial colleagues and employees of the Montgomery County Court of Common Pleas if he permitted a male employee who was accused of assaulting a female employee to continue working in his courtroom. Judge Page's concern was and is a product of traditional and stereotypical gender roles, whereby it is stereotypically considered unacceptable for a man to be accused of assaulting a woman. On the other hand, an accusation of a woman assaulting another woman would not be treated as taboo, but rather, would be investigated to determine its merit.
>
> Thus, because [Plaintiff] is a man, without conducting any investigation whatsoever, and without giving [Plaintiff] any opportunity to refute Ms. DeSanto's false accusations, Judge Page immediately terminated [Plaintiff's] employment.

Am. Compl. ¶¶ 17–18.

Defendant moves to dismiss Plaintiff's Amended Complaint, arguing Plaintiff alleged "speculative theories" instead of plausible facts that "Judge Page terminated Plaintiff because he is a male." ECF 13, ("Mot.") at 3–5.

## III. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV. ANALYSIS

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) establishes the framework under which Title VII discrimination claims are analyzed. Under this framework, the plaintiff-employee must first establish a prima facie case of discrimination. McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 802 (1973); Jones v. Se. Pa. Transp. Auth., 796 F.3d 323, 326 (3d Cir. 2015).[1] To establish a prima facie case, the plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; and (3) he was fired from that position (4) "under circumstances that give rise to an inference of unlawful discrimination." Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

The parties' only dispute—whether Plaintiff sufficiently pled plausible facts he was fired "under circumstances that give rise to an inference of unlawful discrimination"—is a renewal of the same dispute decided by this Court's previous memorandum. In his Amended Complaint, Plaintiff alleges he was terminated due to "Judge Page's [concern] about how [Judge Page] would be viewed by his [] colleagues" if he permitted Plaintiff to remain employed by Defendant. Am. Compl. ¶ 17. Plaintiff alleges this impetus for his termination,

> was and is the product of traditional and stereotypical gender roles, whereby it is stereotypically considered unacceptable for a man to be accused of assaulting a woman. [But], an accusation of a woman assaulting another woman would not have been treated as taboo, but rather, would be investigated to determine its merit.

Am. Compl. ¶ 17. Plaintiff's allegation his termination was the result of this gender stereotype is conclusory and fails to provide a factual, casual nexus between Plaintiff's gender and his termination. Plaintiff's allegation his termination was the result of Judge Page's alleged concern about the optics of firing a man for assaulting a woman is similarly devoid of factual support. The same goes for Plaintiff's allegation that if Judge Page had received an accusation that a *woman* assaulted another woman, that accusation would not be "taboo" and an investigation would have been launched. Am. Compl. ¶ 18. Just as his Complaint failed to plausibly plead a causal nexus

---

[1] After a prima facie case is made, the burden shifts to the defendant-employer, who must demonstrate it has a legitimate, non-discriminatory reason for its conduct. McDonnell Douglas, 411 U.S. at 802. The burden then shifts back to the plaintiff, who must show the employer's legitimate, non-discriminatory reason is simply pretext for discrimination. Id. at 804.

4

between Plaintiff's termination and his gender that was based in fact, Plaintiff's Amended Complaint fails to allege the same.

Plaintiff also alleges his termination violated the Code of Conduct for Employees of the Unified Judicial System, which required Judge Page "to make employment related decisions in compliance with the Unified Judicial System of Pennsylvania Policy on Non-Discrimination and Equal Employment Opportunity." Am. Compl. ¶ 19.  However, Plaintiff's allegation is incorrect as the Code of Conduct for Employees of the Unified Judicial System expressly exempts judges from its reach.  See Mot., Ex A at Section II ("Note: Judges . . . are covered by the Code of Judicial Conduct . . . and therefore are not included in the scope of this Code.").[2]  Plaintiff's allegation that Judge Page violated the Policy on Non-Discrimination and Equal Employment Opportunity when he allegedly failed to notify the District Court Administrator of Ms. DeSanto's physical assault accusation is also deficient because that Policy only proscribes sexual harassment (Mot. Ex. B at 3), racial harassment (Mot. Ex. B at 4) and "other harassment."  Mot. Ex. B at 4.  "Other harassment" is defined as "verbal or physical conduct that denigrates or shows hostility or aversion toward an individual because of that individual's race, color, sexual orientation, gender identity or expression, national origin, age, disability, or religion."  Mot. Ex. B at 4.  Plaintiff alleges Ms. DeSanto accused Plaintiff of physically assaulting her after their consensual romantic relationship ended.  Am. Compl. ¶¶ 15–16.  This accusation does not fall within the definition of "other harassment,", so Judge Page's alleged failure to comply with this Policy cannot "give rise to an inference of unlawful discrimination."

---

[2] Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

## V. **CONCLUSION**

Based on the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED without prejudice**. An appropriate Order follows.

O:\CIVIL 22\22-170 Johnson v. Montco Court of Common Pleas\22cv170 2nd MTD Order Memo.docx