IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDREW JOHNSON, *Plaintiff*, v. MONTGOMERY COUNTY COURT OF COMMON PLEAS, *Defendant*. | CIVIL ACTION NO. 22-0170 |
|---|---|

## MEMORANDUM

B<small>AYLSON</small>, J.                                                                                                          N<small>OVEMBER</small> 23, 2022

### I.   INTRODUCTION AND HISTORY

In this case, Plaintiff Andrew Johnson ("Plaintiff"), a male court crier, alleges that his former employer Defendant Montgomery County Court of Common Pleas ("Defendant") fired him based on false allegations that he had physically assaulted a female colleague, and that this amounted to illegal gender discrimination because if he was also female he would not have been fired. The alleged facts of this case were recounted in detail in the Court's previous opinion dismissing Plaintiff's original Complaint. See Johnson v. Montgomery Cty. Court of Common Pleas, No. 22-0170, 2022 WL 2192946, at *1 (E.D. Pa. June 17, 2022).

In his original Complaint, Plaintiff brought a sole claim of gender discrimination against Defendant. Oral argument was held on May 24, 2022. The Court granted Defendant's motion to dismiss without prejudice, allowing Plaintiff to file new pleadings that would assert facts supporting his contentions. Plaintiff again brought a sole claim of gender discrimination in his Amended Complaint but asserted no new facts or circumstances; again, the Court granted Defendant's motion to dismiss without prejudice. On September 23, 2022, Plaintiff filed a Second Amended Complaint. Defendant now seeks to dismiss for the third time this same gender

discrimination claim for failure to state a claim upon which relief can be granted. Because Plaintiff has not pled sufficient facts to support his gender discrimination claim in his newly amended complaint, and because the Court has given Plaintiff three tries to do so, the Court finds that allowing Plaintiff another attempt would be futile and will grant Defendant's motion with prejudice.

## II. LEGAL STANDARD

A claim may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). It is a well-settled principle in civil procedure that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. 556 U.S. at 678, 684, 129 S.Ct. 1937. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. **DISCUSSION**

When the Court dismissed without prejudice Plaintiff's original Complaint in this case for failure to state a claim upon which relief can be granted, the Court held that Plaintiff "failed to allege any facts that would allow the Court to infer [] a causal connection between his gender and his termination." Johnson v. Montgomery Cty. Court of Common Pleas, No. 22-0170, 2022 WL 2192946, at *4 (E.D. Pa. June 17, 2022).

Plaintiff then filed an Amended Complaint that introduced no new facts but sought relief for the same lone claim; rather, what accounted for the additional half-dozen or so paragraphs was Plaintiff's incorporation of a legal theory based on "stereotypical gender roles." In dismissing without prejudice Plaintiff's Amended Complaint, the Court again held that Plaintiff had failed to plead sufficient facts, and that Plaintiff's "allegation that his termination was the result of this gender stereotype is conclusory and fails to provide a factual, causal nexus." Johnson v. Montgomery Cty. Court of Common Pleas, No. 22-0170, 2022 WL 4120263, at *2-3 (E.D. Pa. Sept. 9, 2022).

And finally, over eight months since his original Complaint was filed against Defendant Plaintiff filed the Second Amended Complaint that Defendant seeks to dismiss here. The Second Amended Complaint recycles the same conclusory legal theories that the Court rejected in its two prior opinions. Plaintiff offers no additional facts to support his discrimination claim. The majority of the Second Amended Complaint is a verbatim repetition of Plaintiff's earlier works, and nothing is changed aside from the inclusion of a few block quotes from workplace policy documents that the Court has already deemed irrelevant. Johnson v. Montgomery Cty. Court of Common Pleas, No. 22-0170, 2022 WL 4120263, at *3 (E.D. Pa. Sept. 9, 2022).[1] Plaintiff's claim

---

[1] The documents are titled "Code of Conduct for Employees of the Unified Judicial System" and "Policy on Non-Discrimination and Equal Employment Opportunity," which have been represented to the Court as official

remains supported not by fact but by generalities and mere inferences into the state of mind of the Defendant.

IV. **CONCLUSION**

For the reasons set forth above, Defendant's motion will be granted with prejudice. An appropriate order follows.

---

workplace policies of the Pennsylvania court system. As explained in the Court's September 9, 2022 memorandum, the former is irrelevant because it explicitly excludes judges from its scope, and the latter is irrelevant because the alleged physical altercation at the root of Plaintiff's claim is not itself discriminatory harassment that falls within the policy's ambit.